UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JUAN MANUEL SOTO DEL ANGEL §<br>  Petitioner, §<br> §<br> v. §<br> §<br>UNITED STATES OF AMERICA, §<br>  Respondent. § | <br><br>CIVIL ACTION NO. 6:14-17<br>CRIMINAL NO. 6:13-63<br><br> |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Juan Manuel Soto Del Angel's ("Soto") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 22.)[1] The United States of America (the "Government") has moved for summary judgment, or in the alternative, for dismissal (Dkt. No. 33), to which Soto has not responded.

**I. BACKGROUND**

On July 24, 2013, Soto was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 3.35 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. No. 14 at 3.) Soto plead guilty pursuant to a Rule 11(c)(1)(B) written plea agreement. In exchange for his guilty plea and his waiver of certain appellate rights, the Government agreed to recommend that he receive the maximum credit for acceptance of responsibility and recommend a sentence within the applicable guideline range. (Dkt. No. 13.) The plea agreement contained a voluntary waiver of Soto's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence

---

1. Docket entries refer to the criminal case, No. 6:13-CR-63-1.

1

> imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(*Id.* at 3 (emphasis in original).)  The agreement was signed by both Soto and his counsel. (*Id*. at 5.)

The Court also questioned Soto under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood that he was voluntarily relinquishing his appellate rights and, in particular, his right to file a § 2255 motion:

> THE COURT: Mr. Soto Del Angel, did your lawyer read this agreement to you?
>
> MR. SOTO: Yes, sir.
>
> THE COURT: And discussed it with you?
>
> MR. SOTO: Yes.
>
> THE COURT: Do you feel like you understand the terms of the agreement?
>
> MR. SOTO: Yes.
>
> THE COURT: Has anyone made any promises to you to get you to plead guilty other than what's in the agreement?
>
> MR. SOTO: No, Sir.
>
> THE COURT: Do each of you understand that in paragraph 7 on page 3 of the agreement there is a waiver of certain rights to appeal? Were each of you aware of that?
>
> (All defendants answer yes.)

> THE COURT: Did you discuss the waiver with your lawyer?
>
> (All defendants answer yes.)
>
> THE COURT: Were you aware that you not only waived your right to directly appeal your conviction and your sentence but you also waived the right to collaterally attack it under 28 United States Code Section 2255?
>
> (All defendants answer yes.)
>
> THE COURT: Okay. Do each of you understand the waiver and how it may affect your rights in this case?
>
> (All defendants answer yes.)
>
> THE COURT: Both of you do? Okay. Do either one of you have any questions for me concerning the waiver?
>
> (All defendants answer no.)

(Tr. 9/3/2013, Dkt. No. 30 at 9:14–10:25.) It is clear from the foregoing that Soto's waiver was knowing and voluntary. *See* FED. R. CRIM. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court then ordered the U.S. Probation Office to prepare a Presentence Investigation Report. On December 2, 2013, the Court sentenced Soto to 46 months in the custody of the Bureau of Prisons—the lowest end of the advisory guideline range—to be followed by a three-year supervised release term. The Court also imposed a $100 special assessment. Judgment was entered on December 4, 2013.

Consistent with his waiver of appellate rights, Soto did not appeal. In spite of his waiver, however, he filed the instant § 2255 motion on March 6, 2014. It is timely.

## II. MOVANT'S ALLEGATIONS

Soto argues that the Court erred in imposing his sentence by failing to consider all § 3553(a) sentencing factors. Specifically, Soto maintains that he should have been given a downward departure of "up to two (2) points" pursuant to 18 U.S.C. § 3742. (Dkt. No. 22 at 1.)

**III. DISCUSSION**

The government moves for summary judgment and/or dismissal on the grounds that Soto's motion is barred by his waiver of § 2255 rights.

As set forth in Part I, *supra*, Soto waived his right to appeal or file a motion pursuant to 28 U.S.C. § 2255 as part of his plea agreement with the Government. A defendant must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The plea bargain Soto signed with the Government explicitly informed him of his waiver. (Dkt. No. 13 at 3.) The transcript of Soto's rearraignment further confirms that he understood the charges against him and the rights he was waiving—specifically, the right to file a motion under § 2255. (Tr. 9/3/2013 at 9:14–10:25.) These sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge*, 431 U.S. at 74)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002).

Because Soto's plea and waiver were knowing and voluntary, he gave up the rights he now seeks to assert. The Court does not reach the merits of Soto's claims because they fall within the scope of his waiver. *See United States v. Wilkes*, 20 F.3d 651, 653–54 (5th Cir. 1994) (enforcing voluntary and knowing waiver of § 2255 rights).

## B. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Soto has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Soto is not entitled to a COA as to his claims—that is, reasonable jurists could not debate the Court's finding that Soto waived his right to collaterally attack his sentence.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment, Pursuant to Movant's Plea Agreement Waiver (Dkt. No. 33) is **GRANTED**, and Soto's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 22) is **DENIED**. Additionally, Soto is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 23rd day of July, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE